UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAIMJON K. NARZIKULOV,<br><br>        *Petitioner*,<br><br>v.<br><br>MICHAEL T. ROSE, Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement; JAMAL L. JAMISON, Warden of Philadelphia Federal Detention Center,<br><br>        *Respondents*. | PETITION FOR WRIT OF HABEAS CORPUS<br><br>Case No. 2:26-cv-472 |

## ORDER

**AND NOW**, this 30th day of January, 2026, upon consideration of NAIMJON K. NARZIKULOV'S Petition for Writ of Habeas Corpus (ECF No. 1), and the Respondents' opposition thereto, it is hereby **ORDERED** that the petition is **GRANTED**.[1] It is further

---

[1] Petitioner Naimjon K. Narzikulov is a citizen of Uzbekistan who entered the United States around April 29, 2023, near Tecate, California, and was encountered by Customs and Border Protection. After DHS served him with a Notice to Appear and placed him in § 240 removal proceedings, DHS released him on an Order of Release on Recognizance on or about May 5, 2023. Petitioner thereafter filed an I-589 application for asylum, withholding of removal, and CAT protection, which remains pending. For approximately two years after his entry, Petitioner resided in the United States. On January 20, 2026, ICE arrested Petitioner at his home and took him into custody.

The government is detaining Petitioner as if he were subject to mandatory detention under INA § 235, 8 U.S.C. § 1225(b), and has taken the position that he is categorically ineligible for a bond hearing before an Immigration Judge Petitioner—who has long been physically present in the United States, is in § 240 removal proceedings, and was previously released by DHS—may be detained, if at all, only under INA § 236(a), 8 U.S.C. § 1226(a). Because § 1226(a) governs, the government's continued detention of Petitioner without a prompt bond hearing violates the INA and its implementing regulations and deprives him of liberty without due process.

The government argues that this Court lacks jurisdiction to review Petitioner's detention and that detention without a bond hearing is mandatory under § 1225(b)(2). The government acknowledges, however, that "the vast majority— including all decisions in this district (more than 90 to date)—have rejected the government's position," and that it advances these arguments solely to preserve them for appeal. As this Court and numerous others in this District have repeatedly held, § 1225(b)(2) does not govern the detention of noncitizens who, like Mr. Narzikulov, have been residing in the United States and placed in removal proceedings, and detention of such individuals without a bond hearing violates § 1226(a) and the Due Process Clause of the Fifth Amendment. *See, e.g., Picon v. O'Neill*, No. 25-

**ORDERED** as follows:

1. NAIMJON K. NARZIKULOV is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release NAIMJON K. NARZIKULOV from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than January 31, 2026 at 4:00 P.M. E.S.T.

3. The government is temporarily enjoined from re-detaining NAIMJON K. NARZIKULOV for seven days following his release from custody.

4. If the government pursues re-detention of NAIMJON K. NARZIKULOV, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

_____
HON. MIA R. PEREZ

---

6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025); *Kashranov v. Jamison*, No. 2:25-cv-05555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025).

The government raises no materially new arguments here and instead, once again, seeks to "push the same theory uphill," despite courts invariably "send[ing] it rolling back down again." *Rios Porras v. O'Neill*, No. 25-6801, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025). For the reasons set forth in *Picon* and *Kashranov*, which the Court adopts herein, the Petition is granted.